The State of Ohio, Appellant, *v.* Dillon, Appellee.

[Cite as *State v. Dillon,* 114 Ohio St.3d 154, 2007-Ohio-3617.]

(No. 2005–2350—Submitted November 15, 2006—Decided July 18, 2007.)

──────────

──────────

Pfeifer, J.

{¶ 1} The issue presented in this case is whether an inmate's awareness of a pending indictment and of his right to request trial on the pending charges satisfies the notification requirements of R.C. 2941.401. We hold that it does not. R.C. 2941.401 requires a warden or prison superintendent to notify a prisoner "in writing of the source and contents of any untried indictment" and of his right "to make a request for final disposition thereof."

{¶ 2} On November 10, 2003, Tony DeVictor drove to his mother's Galena, Ohio residence and noticed a parked car in the driveway. Upon entering the house, he observed an unknown male in the kitchen with his mother's wallet in one hand and a pillowcase in the other. DeVictor later identified Dillon as the person he saw in his mother's kitchen. On November 21, 2003, the Delaware County Grand Jury indicted Dillon on charges of robbery, burglary, and breaking and entering. A warrant upon the indictment was requested on the same day and was subsequently issued.

{¶ 3} On December 4, 2003, Delaware County Sheriff's Detective Brian Blair and another detective went to interview Dillon in the Franklin County jail, where he was incarcerated on unrelated charges. The interview ended when Dillon requested legal counsel. Dillon was not served with a copy of the Delaware County indictment during this meeting.

{¶ 4} On January 28, 2004, Detective Blair and Delaware County Assistant Prosecutor Marianne Hemmeter met Dillon at the Franklin County jail to discuss a possible plea bargain. Dillon was not served with a copy of the indictment during this meeting. Blair testified, however, that Hemmeter advised Dillon that there was a pending indictment and that Dillon needed to file a request with the Delaware County Prosecutor's Office to trigger the 180–day time period for trial. Dillon denied receiving such advice, though he admitted asking, "Why haven't I received a copy of the indictment yet?"

{¶ 5} On January 28, Dillon was transferred to the Ohio Corrections Reception Center ("C.R.C.") in Orient, Ohio. The parties stipulated that a copy of the warrant on indictment was sent to the C.R.C. on January 29, 2004. Moreover, Detective Blair testified that on February 4, 2004, he faxed a copy of the warrant and the indictment to the C.R.C. and requested that those documents be served on Dillon. Blair also made several phone calls to an official at the C.R.C. to make sure the indictment was served on Dillon. Despite these efforts, Dillon was never personally served with the Delaware County indictment while at the C.R.C.

{¶ 6} At the end of February or the beginning of March 2004, Dillon was transferred to the Pickaway Correctional Institution. Dillon was not personally served with the Delaware County indictment while at Pickaway. On April 9, 2004, Dillon signed a "wanted detainer" form that showed he was wanted by the Franklin County sheriff and the Delaware County sheriff. The "wanted detainer" neither specified the pending charges against Dillon nor informed him of his right to demand a speedy disposition of the charges.

{¶ 7} On April 16, 2004, Dillon was returned to the Franklin County jail. Again, he was not served with a copy of the Delaware County indictment.

{¶ 8} On August 13, 2004, Dillon was transported to Delaware County, where he was served with a copy of the warrant and the indictment. On August 30, 2004, Dillon filed a motion to dismiss due to a speedy-trial violation. In denying the defense motion, the trial court made the following findings:

{¶ 9} "[T]he records are clear that Mr. Dillon was advised at least once, if not twice in person regarding the indictment. * * * No service of the indictment was made * * * at the time Detective Blair went down to talk to him. * * * He was advised by the assistant county prosecutor, Hemmeter, of this requirement that he needed to send something to the court demanding trial within 180 days. Detective Blair testified he did fax to C.R.C. or Stacey, * * * to serve—he gave

notice of the holder and she said she would serve Mr. Dillon, but she wasn't required to until he left the institution. In any event, he was notified at that time regarding the indictment because he signed the document, the detainer. He was notified of the detainer on April 9th, 2004. Otherwise there was no service of the indictment * * * until Mr. Dillon appeared here at the time of the arraignment."

{¶ 10} On November 1, 2004, Dillon entered a plea of no contest to the burglary charge, and the state dismissed the remaining charges. The trial court sentenced Dillon to seven years in prison and ordered him to pay $21,000 in restitution. Dillon appealed.

{¶ 11} The court of appeals held that Dillon's speedy-trial rights had been violated and reversed his conviction. *State v. Dillon*, Delaware App. No. 2005CAA02012, 2005-Ohio-5938, 2005 WL 2981791. We accepted the state's discretionary appeal.

{¶ 12} R.C. 2941.401 provides:

{¶ 13} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

{¶ 14} "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court * * *.

{¶ 15} "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.

{¶ 16} " * * *

{¶ 17} "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."

{¶ 18} The statute is unambiguous. See *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 20. Under R.C. 2941.401, the warden or prison superintendent has a duty to promptly inform a prisoner "in writing of the source and contents of any untried indictment * * * against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof." The Delaware County indictment was sent to the C.R.C. on January 29 and February 4, 2004. Detective Blair then made several calls to the C.R.C. requesting that officials serve the warrant and indictment on Dillon. At that point, the statute affirmatively required the warden or superintendent to promptly inform Dillon in writing of the indictment. The warden or superintendent did not deliver the indictment to Dillon as R.C. 2941.401 requires.

{¶ 19} The state argues that Dillon had the duty under R.C. 2941.401 to request disposition of his charges within 180 days because he had received notice of the Delaware County indictment on two occasions. The state asserts that the first notice occurred on January 28, 2004, when the Delaware County assistant prosecutor advised Dillon that there was a pending indictment and that he had a duty to demand trial within 180 days. The second notice occurred on April 9, 2004, when Dillon signed a detainer notifying him that he was wanted by the Delaware County sheriff upon his release.

{¶ 20} Although Dillon was aware of pending charges in Delaware County, he did not receive a copy of the indictment or written notice of his specific right under R.C. 2941.401 "to make a request for final disposition" of the pending indictment. Oral notification does not satisfy the statutory mandate that Dillon receive written notice. Dillon's acknowledgement of the detainer does not meet the statutory requirement because the detainer did not provide notice of the contents of the indictment or of Dillon's right to request speedy disposition of the pending charges. We reject the state's argument that oral notification to Dillon of the pending charges and Dillon's receipt of the detainer triggered his responsibility to demand trial within 180 days.

{¶ 21} The state further argues that Dillon had a duty to notify the state of the place of his imprisonment once he became aware of pending charges in Delaware County. See *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471. The question in *Hairston* was whether R.C. 2941.401 places a duty of reasonable diligence on the state to discover the whereabouts of an incarcerated defendant against whom charges are pending. Id. at ¶ 1. We concluded that it did not. Id. at ¶ 20.

{¶ 22} Unlike the warden in *Hairston*, the warden at the C.R.C. knew about the pending Delaware County indictment because Detective Blair had delivered it to him. For unknown reasons, the warden at the C.R.C. failed to deliver these documents to Dillon. The warden's failure to provide written notification of the indictment to Dillon, as R.C. 2941.401 requires, makes *Hairston* inapplicable to this case.

{¶ 23} We also reject the state's argument that vacating Dillon's conviction would undermine the purpose of R.C. 2941.401. By enacting R.C. 2941.401, the General Assembly has obligated the state to notify in writing an accused person who is incarcerated of both the accused's right to demand speedy disposition of pending indictments and of the source and contents of the indictments. An inmate's awareness of a pending indictment and of his right to request trial on the pending charges does not satisfy the notification requirements of R.C. 2941.401, which requires a warden or prison superintendent to notify a prisoner "in writing of the source and contents of any untried indictment" and of his right "to make a request for final disposition thereof." Permitting a warden or superintendent to avoid complying with the duty imposed by R.C. 2941.401 would circumvent the purpose of the statute and relieve the state of its legal burden to try cases within the time constraints imposed by law. We conclude that the warden's failure to promptly inform Dillon in writing of the Delaware County indictment and his right to request trial violated R.C. 2941.401. We also conclude that the speedy-trial time calculation commenced when the warden was requested to serve the indictment on Dillon, which occurred at the latest on February 4, 2004. Because of the R.C. 2941.401 speedy-trial violation, the trial court had no further jurisdiction over this matter. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., ROGERS, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

O'DONNELL, J., dissents and would reverse the judgment of the court of appeals on the authority of *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471.

RICHARD M. ROGERS, J., of the Third Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

---

David A. Yost, Delaware County Prosecuting Attorney, and Marianne T. Hemmeter and Paul Scarsella, Assistant Prosecuting Attorneys, for appellant.

Law Office of Jeffrey P. Uhrich and Jeffrey P. Uhrich, for appellee.