[Cite as *State v. Detamore*, 2016-Ohio-4682.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 15AP0026 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DUWAYNE R. DETAMORE | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2014 CRC-I 000379 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2016

MOORE, Judge.

{¶1} Defendant-Appellant Duwayne R. Detamore appeals from the judgment of the Wayne County Court of Common Pleas. We affirm.

I.

{¶2} While Mr. Detamore was serving a prison term on unrelated charges, on September 10, 2012, he was indicted in the instant matter on two counts of aggravated trafficking, two counts of trafficking in heroin, and one count of trafficking in counterfeit controlled substances. An arrest warrant was issued and ordered to be served at an address in Rittman.

{¶3} On October 28, 2014, Mr. Detamore was released from prison and was arrested the same day under the instant indictment. On February 13, 2015, he filed a motion to dismiss alleging that his right to a speedy trial was violated. The State responded in opposition. The trial court subsequently denied the motion without holding a hearing.

**{¶4}** Thereafter, Mr. Detamore entered a no contest plea to two counts of aggravated trafficking, one count of trafficking in heroin, and one count of trafficking in counterfeit controlled substances. The remaining count was dismissed. Mr. Detamore was sentenced to twelve months of community control.

**{¶5}** He has appealed, raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

[MR.] DETAMORE'S STATUTORY AND/OR CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL WERE VIOLATED, AND THE TRIAL COURT ERRED IN OVERRULING HIS MOTION TO DISMISS.

**{¶6}** Mr. Detamore asserts in his first assignment of error that the trial court erred in denying his motion to dismiss. While he mentions both his constitutional and statutory speedy trial rights, his motion in the trial court did not develop an argument with respect to his constitutional rights, nor has he developed one here. *See* App.R. 16(A)(7). Accordingly, we will only address whether his rights under R.C. 2941.401 were violated when the trial court denied his motion to dismiss.

**{¶7}** "A trial court's ruling on a motion to dismiss on speedy trial grounds presents a mixed question of law and fact. When reviewing [Mr. Detamore's] claim that the trial court erred in denying his motion to dismiss, this Court applies the de novo standard of review to questions of law." (Internal citation omitted.) *State v. Ondrusek,* 9th Dist. Lorain Nos. 09CA009626, 09CA009673, 2010-Ohio-2811, ¶ 5.

**{¶8}** "R.C. 2941.401 controls the speedy trial rights of a defendant who is in prison. * * * In fact, R.C. 2941.401 supplants the provisions of R .C. 2945.71." *Id.* at ¶ 6, quoting *State v. Skorvanek,* 9th Dist. Lorain No. 08CA009400, 2010-Ohio-1079, ¶ 19.

**{¶9}** R.C. 2941.401 provides:

*When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance.* The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

*The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.*

Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

This section does not apply to any person adjudged to be mentally ill or who is under sentence of life imprisonment or death, or to any prisoner under sentence of death.

(Emphasis added.)

**{¶10}** In examining the statute, the Supreme Court of Ohio concluded that it is not ambiguous. *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 20. Thus, the Supreme

Court has held that, "[f]ar from requiring the state to exercise reasonable diligence to locate an incarcerated defendant, R.C. 2941.401 places the initial duty on the defendant to cause written notice to be delivered to the prosecuting attorney and the appropriate court advising of the place of his imprisonment and requesting final disposition; the statute imposes no duty on the state until such time as the incarcerated defendant provides the statutory notice." *Id.* "Further, a warden or prison superintendent has a duty to inform the incarcerated defendant of charges only when the warden or superintendent has knowledge of such charges." *Id.* In concluding that the statute's plain language did not impose a duty of reasonable diligence, the Supreme Court stated that, it "decline[d] to impose duties on prosecutors or courts not imposed by the legislature." *Id.* at ¶ 22.

{¶11} In *State v. Dillon,* 114 Ohio St.3d 154, 2007-Ohio-3617, the Supreme Court again analyzed R.C. 2941.401. There the Court held that "[a]n inmate's awareness of a pending indictment and of his right to request trial on the pending charges does not satisfy the notification requirements of R.C. 2941.401, which requires a warden or prison superintendent to notify a prisoner 'in writing of the source and contents of any untried indictment' and of his right 'to make a request for final disposition thereof.'" *Id.* at syllabus. Thus, a warden's failure to promptly notify a defendant in writing of an indictment of which it was aware violates R.C. 2941.401. *Dillon* at ¶ 23. Under such circumstances, the speedy-trial time calculation commences when the warden is requested to serve the indictment on the defendant. *Id.*

{¶12} Here, Mr. Detamore argues that his case is like neither *Hairston* nor *Dillon,* as unlike the defendants in those cases, he had no knowledge of the possible charges against him

until shortly before he was released from prison.[1]  Moreover, he contends that the State knew where he was.  In support of his argument, he points to the fact that the charges at issue in the instant matter involved dates in January and February 2012, prior to when Mr. Detamore was sentenced to prison in the prior case for a community control violation.  Additionally, Mr. Detamore notes that, between the time when he was imprisoned under the prior case and the months surrounding when the indictment in the instant matter was filed, several documents were filed in the prior case and a notice of costs was sent to Mr. Detamore in prison.[2]  Thus, Mr. Detamore asserts that, because the prior case and the instant matter involved the same county, the State was alerted to Mr. Detamore's location.

{¶13}  Finally, Mr. Detamore argues that the Ohio Department of Rehabilitation and Correction did not know about the warrant for Mr. Detamore in Wayne County until a records search on September 15, 2014, revealed the pending warrant.[3]  At that point, due to Mr. Detamore's impending release from prison, the Ohio Department of Rehabilitation and Correction maintained that there was not time to file for a speedy trial.  According to the Ohio Department of Rehabilitation and Corrections, prior records searches did not reveal the outstanding warrant.  The Wayne County Sheriff's Department was notified of Mr. Detamore's release date via a letter dated September 22, 2014.

---

[1] Mr. Detamore asserts that the indictment in this instant case was a secret indictment. While no one disputes this, including the trial court, such is not clear from the face of the indictment.

[2] We note that Mr. Detamore did not attach any filings from the prior case to his motion to dismiss.  Thus, the only "evidence" from the prior case offered in support of his motion were allegations and assertions.  Nonetheless, the parties appear to have accepted these procedural facts as true, and so for purposes of this appeal, we will as well.

[3] Records from the Ohio Department of Corrections are contained in the record.

**{¶14}** It is undisputed that Mr. Detamore did not cause written notice to be delivered to the prosecuting attorney and the appropriate court advising of the place of his imprisonment and requesting final disposition. *Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, at ¶ 20. Further, Mr. Detamore has not argued that the warden or superintendent of the prison where he was held ever had knowledge of the untried indictment and failed to provide the appropriate notification. *Dillon,* 114 Ohio St.3d 154, 2007-Ohio-3617, at ¶ 23. Thus, Mr. Detamore has not demonstrated that the speedy-trial clock under R.C. 2941.401 was triggered. *See* R.C. 2941.401; *Ondrusek,* 2010-Ohio-2811, at ¶ 11.

**{¶15}** Mr. Detamore's allegations that the State knew where he was are unavailing. First, the State requested that the indictment be served on Mr. Detamore at an address in Rittman, suggesting that the State did not know that Mr. Detamore was in prison. Second, Mr. Detamore's claim that the filings in the prior case (which are not in the record) should have alerted those involved with this case that Mr. Detamore was in prison are somewhat speculative. Finally, and most importantly, under the circumstances present here, the language of the statute itself places no burden on the prosecutor or court. *See* R.C. 2941.401; *see also Hairston* at ¶ 20 ("[T]he statute imposes no duty on the state until such time as the incarcerated defendant provides the statutory notice."); *Ondrusek* at ¶ 11 (stating that the "contention that the State bore the burden to inform [the incarcerated defendant] of the charges against him pursuant to R.C. 2941.401 is without merit.").

**{¶16}** While this Court is not unsympathetic to Mr. Detamore's apparent predicament, we are bound to apply the unambiguous language of the statute. *See Hairston* at ¶ 22. The legislature could have included in the statute an obligation for the state to make reasonable efforts to locate an indicted individual within a specific time period in order to trigger speedy

trial rights, but did not do so. Given the unambiguous language of the statue, the speedy-trial time pursuant to R.C. 2941.401 does not apply to this matter. As noted above, Mr. Detamore failed to develop an argument below or on appeal that his constitutional right to a speedy trial was violated. *See* App.R. 16(A)(7). Thus, we do not address whether any such violation was present under the facts of this case.

{¶17} Mr. Detamore's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

IT WAS PLAIN ERROR TO DENY [MR.] DETAMORE'S MOTION TO DISMISS BECAUSE [R.C.] 2941.401 IS UNCONSTITUTIONAL AS APPLIED TO HIM UNDER THE PARTICULAR FACTS OF THIS CASE.

{¶18} Mr. Detamore argues in his second assignment of error that it was plain error for the trial court to deny his motion to dismiss because R.C. 2941.401 is unconstitutional as applied to him. Additionally, it appears that Mr. Detamore may be asserting that the trial court committed plain error in denying his motion to dismiss because his constitutional right to a speedy trial was violated. However, with respect to this latter argument, Mr. Detamore has not developed an argument applying the constitutional standard and we decline to develop an argument on his behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone,* 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Additionally, such an argument is outside the scope of his stated assignment of error. *State v. Bennett,* 9th Dist. Lorain No. 14CA010579, 2015-Ohio-2887, ¶ 13.

{¶19} Mr. Detamore acknowledges that he failed to raise this issue of the constitutionality of the statute in the trial court and thus has not preserved it for review. *See In re M.D.,* 38 Ohio St.3d 149, 150 (1988). "The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error

is on the party asserting it." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 2. "[W]e require a showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." *Id*. at ¶ 16.

{¶20} While Mr. Detamore spends a great deal of time in his brief arguing that he was prejudiced, he fails to fully explain or analyze the legal basis of his assertion that the statute is unconstitutional as applied to him. It is difficult to even fully discern which constitutional rights he believes the statute violated. He mentions both equal protection and due process but does not articulate how the statute as applied to him violated those rights. *See Cardone* at *8; App.R. 16(A)(7). Moreover, many of the facts that he asserts demonstrate prejudice are taken from the sentencing hearing, a hearing that took place after the trial court denied his motion to dismiss. Thus, the trial court would not have that information before it in ruling on the motion.

{¶21} Overall, in light of Mr. Detamore's failure to develop an argument explaining how the statute as applied to him violated any specific constitutional right, we cannot say that he has met his burden to demonstrate that the trial court made an obvious error in failing to sua sponte conclude that R.C. 2941.401 was unconstitutional and grant his motion to dismiss.

{¶22} Mr. Detamore's second assignment of error is overruled.

III.

{¶23} The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT


CARR, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

CLARKE W. OWENS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER and NATHAN R. SHAKER, Assistant Prosecuting Attorneys, for Appellee.