[Cite as *State v. Harris*, 2012-Ohio-5868.]

STATE OF OHIO         )              IN THE COURT OF APPEALS
                      )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                   C.A. No.      26247

     Appellee

     v.                           APPEAL FROM JUDGMENT
                                 ENTERED IN THE
SCOTT HARRIS, SR.             AKRON MUNICIPAL COURT
                                 COUNTY OF SUMMIT, OHIO
     Appellant                 CASE No.     11 CRB 9426

DECISION AND JOURNAL ENTRY

Dated: December 12, 2012

---

     CARR, Judge

**{¶1}** Appellant, Scott Harris Sr., appeals his conviction and sentence in the Akron Municipal Court. This Court reverses and remands.

I.

**{¶2}** On September 17, 2011, Harris was arrested by Akron police and charged with a violation of a protection order pursuant to R.C. 2919.27. Harris posted bond on September 19, 2011.

**{¶3}** On December 19, 2011, Harris filed a motion to dismiss on the basis that he was not brought to trial within the time prescribed by R.C. 2945.71. The trial court orally denied the motion on the record. Harris proceeded to enter a plea of no contest to the charge, and the trial court found him guilty. In addition to being ordered to pay a $150 fine, the trial court sentenced Harris to 180 days in jail, suspending 177 days in favor of probation. Harris was also ordered to wear a GPS device for 45 days.

**{¶4}** Harris filed a notice of appeal on December 21, 2011. His sentence was stayed pending appeal. On appeal, Harris raises one assignment of error.

II.

## **ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN OVERRULING APPELLANT HARRIS' MOTION TO DISMISS NINETY-FOUR DAYS AFTER HIS ARREST, A VIOLATION OF HIS STATUTORY RIGHTS TO A SPEEDY TRIAL UNDER R.C. 2945.71, ET SEQ.

**{¶5}** In his sole assignment of error, Harris argues that the trial court erred in denying his motion to dismiss on the basis that his right to a speedy trial had been violated. This Court agrees.

**{¶6}** As a preliminary matter, this Court notes that the City has not filed an appellee's brief. Accordingly, this Court may accept Mr. Harris' statement of facts and issues as correct and reverse the judgment if Mr. Harris's brief reasonably appears to sustain such action. App.R. 18(C); *see also Akron v. Carter*, 9th Dist. No. 22444, 2005-Ohio-4362, ¶ 3; *Haley v. Nomad Preservation*, Inc., 9th Dist. No. 26220, 2012-Ohio-4385, ¶ 6.

**{¶7}** "When reviewing a defendant's claim that he was denied his right to a speedy trial, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact." *State v. Berner*, 9th Dist. No. 3275-M, 2002-Ohio-3024, ¶ 6, citing *State v. Thomas*, 9th Dist. No. 98CA007058, 1999 WL 598843 (Aug. 4, 1999).

**{¶8}** The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73 prescribe specific time requirements within which the State must bring an accused to trial. Harris was convicted of violating a protection order pursuant to R.C. 2919.27, a misdemeanor of the first degree. R.C.

2945.71(B)(2) states that "a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial * * * [w]ithin ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days." Each day spent in jail awaiting trial solely on the pending charge shall count as three days toward the speedy trial time limit. R.C. 2945.71(E). While the day of arrest triggers the time for speedy trial, that day is not included in the calculation. *State v. Armstrong*, 9th Dist. No. 03CA0064-M, 2004-Ohio-726, ¶ 5. Speedy trial statutes must be strictly construed against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996).

{¶9} R.C. 2945.72(H) states, "The time within which an accused must be brought to trial * * * may be extended only by * * * [t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" "This provision has been interpreted to permit courts to sua sponte continue an accused's trial beyond the time limit prescribed by R.C. 2945.71, but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit." *State v. King*, 70 Ohio St.3d 158, 162 (1994), citing *State v. Lee*, 48 Ohio St.2d 208 (1976), and *Aurora v. Patrick*, 61 Ohio St.2d 107 (1980). While a continuance attributable to the defendant does not necessarily have to be journalized, it must be apparent on the face of the record that the defendant did, in fact, request a continuance in order for time to be tolled for speedy trial purposes. This Court has stated that "ideally a court should journalize its rationale for a continuance. In the absence of such an entry the court runs the risk that a continuance, which would otherwise be attributed to the accused, will not be so construed on appeal. But this

does not mean that an unjournalized continuance may never be charged to a defendant. When the record indicates that the continuance was attributable to the defendant, then such delay will be assessed to him even in the absence of a court's journal entry." *State v. Bumbalough*, 81 Ohio App.3d 408, 410 (9th Dist.1992).

{¶10} At the outset of the December 20, 2011 hearing, defense counsel noted that there was a motion pending before the court to dismiss the case on speedy trial grounds. In support of the motion, defense counsel argued, "It is my understanding that the case is actually out of time due to the three days that my client spent in jail as well as the lack of any journalization of reasons for continuances." The City initially responded, "I do agree with counsel with regards to the time[.]" The City went on to argue that the parties had appeared for a pre-trial conference on October 19, 2011, and that Harris became "very displeased when the prosecuting witness showed up with her new boyfriend." The City then stated that, because of the defendant's "behavior and uncooperative nature with his counsel," the attorney from the public defender's office who represented Harris at the hearing asked for a new date and the City did not object. The City argued that it should not be punished for not bringing Harris to trial within ninety days when it was the defendant who asked for a continuance of the pretrial hearing. Defense counsel disagreed with the City's statement and asserted that Harris "denies that he became irate[.]" Defense counsel further indicated that she could not confirm or deny the City's version of events because she was not present for the October 19, 2011 pretrial conference. After confirming that defense counsel was not in a position to effectively dispute the City's argument because she was not present for the hearing, the trial court denied the motion to dismiss on the basis that the matter had been previously continued at the request of Harris.

{¶11} There is nothing on the docket sheet that would suggest the trial court was unable to proceed with its pretrial conference scheduled for October 19, 2011. While the docket sheet reveals that pretrial conferences were scheduled for both October 19, 2011, as well as November 9, 2011, the record does not contain a journal entry indicating that the former pretrial conference was continued at the request of Harris, nor does the record contain a transcript from the October 19, 2011 pretrial conference.

{¶12} Harris was arrested on September 17, 2011. Harris posted bond on September 19, 2011. Other than the statements made by the City after the speedy trial deadline had elapsed, there is nothing in the record to indicate that the pretrial conference had been previously continued at the request of Harris. Because it is not apparent from the record that there were tolling events in this case, the City was required to bring Harris to trial within ninety days pursuant to R.C. 2945.71(B). The trial court denied Harris' motion and accepted his no contest plea on December 20, 2011, ninety-four days after his arrest. Thus, because Harris was not brought to trial within the speedy trial window set forth in R.C. 2945.71(B), the trial court erred in denying his motion to dismiss.

{¶13} The first assignment of error is sustained.

### III.

{¶14} The sole assignment of error that Harris raises on appeal is sustained. The judgment of the Akron Municipal Court is reversed and remanded for the trial court to issue an order discharging Harris.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.


DONNA J. CARR
FOR THE COURT



WHITMORE, P. J.
BELFANCE, J.
CONCUR.


APPEARANCES:

J. DEAN CARRO, Appellate Review Office, School of Law, The University of Akron, for Appellant.

GERTRUDE WILMS, Chief City Prosecutor, for Appellee.