[Cite as *State v. Fields*, 2013-Ohio-4970.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No.    12CA0045 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD A. FIELDS | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.    TRC-07-03-02448 |

DECISION AND JOURNAL ENTRY

Dated: November 12, 2013

MOORE, Presiding Judge.

**{¶1}** Defendant-Appellant, Richard A. Fields, appeals from the August 6, 2012 judgment entry of the Wayne County Municipal Court. We affirm.

I.

**{¶2}** In March of 2007, Mr. Fields was charged with Driving Under the Influence of Alcohol, in violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor, Driving with a Prohibited Breath Alcohol Content, in violation of R.C. 4511.19(A)(1)(h), a first degree misdemeanor, and Failure to Yield, in violation of R.C. 4511.39, a minor misdemeanor. At his arraignment, he pleaded not guilty to all charges and the matter was set for trial.

**{¶3}** In May of 2007, this matter was called for trial and the State indicated that it was ready to proceed at that time. However, Mr. Fields requested a continuance in order to retain a public defender. Prior to granting the continuance, the trial court inquired as follows:

THE COURT: The State has an obligation to provide you a trial within ninety days. Are you willing to waive your speedy trial requirements in order to have time to get the Public Defender involved?

MR. FIELDS: Yes, sir.

The record indicates that Mr. Fields failed to appear at the next trial date, and a warrant was issued for his arrest.

{¶4} In 2011, Mr. Fields filed a motion to dismiss the charges against him pursuant to R.C. 2945.71. In his motion, Mr. Fields argued that the charges against him must be dismissed because the State failed to bring him to trial within 90 days, in violation of his speedy trial rights. The State did not file a response to Mr. Fields' motion, and the trial court denied the same. After his motion was denied, the matter was set for trial on June 27, 2012. However, the new trial date was continued because Mr. Fields requested a pretrial and discovery, which the State provided on June 27, 2012.

{¶5} The matter proceeded to bench trial on August 6, 2012, and Mr. Fields was found guilty of the charged offenses.

{¶6} Mr. Fields appealed, raising one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT'S DECISION DENYING [MR. FIELDS'] MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS WAS ERRONEOUS AND CONTRARY TO LAW.

{¶7} In his sole assignment of error, Mr. Fields argues that by the time he was brought to trial on August 6, 2012, approximately five-years had elapsed from when he failed to appear for his trial date in 2007. Further, he argues that speedy trial time is only tolled where: (1) a defendant is unavailable, and (2) the State can show that it exercised reasonable diligence to secure that defendant's availability. Specifically, Mr. Fields asserts that he became available on

August 15, 2007, at the time he was incarcerated at Wayne County Jail on an unrelated matter, because he allegedly "informed [j]ail staff of the possibility of an outstanding warrant[.]"

{¶8} We review the trial court's determination of speedy trial issues as a mixed question of law and fact. *State v. Brown,* 9th Dist. Summit No. 25206, 2010-Ohio-4863, ¶ 7. "When reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact." *State v. Downing*, 9th Dist. Summit No. 22012, 2004-Ohio-5952, ¶ 36, citing *State v. Thomas*, 9th Dist. Lorain No. 98CA007058, 1999 WL 598843, *2 (Aug. 4, 1999).

{¶9} "The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution." *State v. Harris*, 9th Dist. Summit No. 26247, 2012-Ohio-5868, ¶ 8. R.C. 2945.71 through R.C. 2945.73 set forth specific time requirements within which the State must bring an accused to trial. R.C. 2945.71(B)(2) states that "a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial * * * [w]ithin ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days." Further, each day spent in jail awaiting trial solely on the pending charge shall count as three days toward the speedy trial time limit. R.C. 2945.71(E). While the day of arrest triggers the time for speedy trial, that day is not included in the calculation. *State v. Armstrong,* 9th Dist. No. 03CA0064-M, 2004-Ohio-726, ¶ 5. Speedy trial statutes must be strictly construed against the state. *Brecksville v. Cook,* 75 Ohio St.3d 53, 55 (1996).

**{¶10}** Under certain circumstances, however, the time within which an accused must be brought to trial can be tolled. *State v. Dalton*, 9th Dist. Lorain No. 09CA009589, 2009-Ohio-6910, ¶ 21. R.C. 2945.72 provides reasons for tolling time, applicable to this case, as follows:

* * *

(D) Any period of delay occasioned by the neglect or improper act of the accused;

* * *

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

* * *

In addition to tolling time, "[a]n accused may also waive his speedy trial rights as long as the waiver is knowingly and voluntarily made." (Citation omitted.) *State v. Skorvanek*, 9th Dist. Lorain No. 08CA009399, 2009-Ohio-3924, ¶ 13. Further, an accused's "waiver must be expressed in writing *or made in open court on the record.*" (Emphasis added.) *Akron v. Robinson*, 9th Dist. Summit No. 20674, 2002 WL 498173, *1 (Apr. 3, 2002), citing *State v. King*, 70 Ohio St. 3d 158 (1994), syllabus.

**{¶11}** The record indicates that on May 9, 2007, Mr. Fields appeared in open court and agreed to waive his speedy trial rights when he asked for a continuance in order to seek the assistance of a public defender. Further, the record indicates that the trial court explained, absent a waiver, the State's obligation to bring Mr. Fields to trial within ninety-days, and asked if Mr. Fields was willing to waive this requirement, to which he answered, "[y]es, sir." The transcript of the hearing does not include a date certain for the new trial. However, it states that "bond will be continued and the case will be continued." Because Mr. Fields failed to appear at the new trial

date, a warrant was issued for his arrest. Then, approximately four years later, Mr. Fields filed a motion to dismiss the charges against him based upon a violation of his speedy trial rights.

{¶12} In *State v. Harris*, 9th Dist. Lorain No. 95CA006275, 1996 WL 625222, *3 (Oct. 30, 1996), this Court stated that "following an express * * * waiver of unlimited duration by an accused of his speedy trial rights the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection to any further continuances and makes a demand for trial, following which the state must bring him to trial within a *reasonable time*." (Emphasis added.) (Internal quotations and citations omitted.) "Thus, once an accused revokes his unlimited waiver, the strict requirements of Sections 2945.71 et seq. of the Ohio Revised Code no longer apply." *Skorvanek* at ¶ 14.

{¶13} Here, Mr. Fields provided an oral waiver, made in open court on the record, of unlimited duration of his speedy trial rights. *See Robinson* at *1. As such, Mr. Fields' waiver was effective until he reasserted his right to a speedy trial by filing a motion to dismiss on June 3, 2011. *See State v. O'Brien*, 34 Ohio St.3d 7 (1987), paragraph two of the syllabus. The State then had the responsibility to bring Mr. Fields to trial within a *reasonable* time. *See Harris* at *3. In order to determine reasonableness, we look at four factors: "the length of the delay, reason for the delay, assertion of the right, and resulting prejudice." *State v. Lee*, 9th Dist. Lorain No. 93CA005671, 1994 WL 122337, *3 (Apr. 13, 1994), citing *Barker v. Wingo*, 407 US 514, 530 (1972).

{¶14} First, the record indicates that the length of the delay between the time that Mr. Fields reasserted his speedy trial rights and his trial date was 398 days. (*See Lee* at *3, stating that a 358 day delay, from when the appellant reasserted his speedy trial rights to the date of his trial, did not violate the speedy trial provisions of the United States or Ohio Constitutions.)

Second, the reasons for the delay appear to be that Mr. Fields filed (1) a motion to dismiss, (2) requested a pretrial which continued the trial date, and (3) requested discovery from the State. Third, as stated above, Mr. Fields reasserted his right to a speedy trial by filing a motion to dismiss, approximately four years after he failed to appear for trial. Fourth, there is no evidence in the record that Mr. Fields was in any way prejudiced by the delay.

{¶15} Finally, we are not persuaded by Mr. Fields' argument that he became "available" to the State while incarcerated at Wayne County Jail on another matter. The record does not support Mr. Fields' allegation that he notified jail staff of a possible warrant for his arrest. Additionally, even if Mr. Fields did verbally notify jail staff of a possible arrest warrant, his disclosure did not rise to the level necessary for reasserting his speedy trial rights by filing a formal written objection and demand for trial. *See State v. O'Brien*, 34 Ohio St.3d 7 (1987), paragraph two of the syllabus.

{¶16} Therefore, based upon the record before us, we cannot say that the delay from when Mr. Fields reasserted his right to a speedy trial on June 3, 2011, to when he was brought to trial on August 6, 2012, violated his speedy trial rights. *See Lee* at *3 (stating that "[a]lthough [358 days] [] exceeds the more restrictive time frame provided by R.C. 2945.71, it is not necessarily such a long delay as to violate the speedy trial provisions of the United States or Ohio Constitutions").

{¶17} Accordingly, Mr. Fields' assignment of error is overruled.

III.

{¶18} In overruling Mr. Fields' sole assignment of error, the judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DAVID C. KNOWLTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.