[Cite as *State v. Coleman*, 2020-Ohio-2807.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JOHN COLEMAN

    Appellant

C.A. No.     29360

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 18 01 0287

DECISION AND JOURNAL ENTRY

Dated: May 6, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, John C. Coleman, appeals from his conviction in Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

{¶2} Mr. Coleman was arrested on burglary charges on January 26, 2018. On February 14, 2018, the Summit County Grand Jury indicted Mr. Coleman on two counts of burglary in violation of R.C. 2911.12(A)(2), both felonies of the second degree. One charge stemmed from a July 28, 2017 incident, and the other from a September 25, 2017 incident.

{¶3} Mr. Coleman entered a plea of not guilty as to both charges, and the case proceeded through the pretrial process. Following a jury trial on March 5, 2019, the trial court convicted Mr. Coleman on both counts and sentenced him according to law.

{¶4} Mr. Coleman timely appeals his conviction and raises a single assignment of error for our review.

II.

## Assignment of Error

**[Mr.] Coleman was tried, convicted, and sentenced on two counts of burglary, R.C. 2911.12(A)(2), in violation of his constitutional and statutory rights to a speedy trial.**

{¶5} In his assignment of error, Mr. Coleman asserts that his right to a speedy trial was violated.

{¶6} A trial court's determination of speedy trial issues presents a mixed question of law and fact. *State v. Fields*, 9th Dist. Wayne No. 12CA0045, 2013-Ohio-4970, ¶ 8. "'When reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact.'" *Id.*, quoting *State v. Downing*, 9th Dist. Summit No. 22012, 2004-Ohio-5952, ¶ 36.

{¶7} "The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the State of Ohio." *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980). Ohio's statutory speedy trial provisions, R.C. 2945.71 et seq., "constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor * * *." *Pachay* at syllabus. Thus, "for purposes of bringing an accused to trial, the statutory speedy trial provisions of R.C. 2945.71 et seq. and the constitutional guarantees found in the United States and Ohio Constitutions are coextensive." *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).

{¶8} R.C. 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." "[E]ach day during which the accused is held in jail in lieu of bail on the pending charge shall be

counted as three days." R.C. 2945.71(E). Consequently, if the accused is held in jail in lieu of bail, the time within which the trial must be held is 90 days. *See id.* When calculating speedy trial time, the day of arrest is not to be counted. *State v. Friedhof*, 9th Dist. Medina No. 2505-M, 1996 WL 385612, *3 (July 10, 1996), citing *State v. Steiner*, 71 Ohio App.3d 249, 250-251 (9th Dist.1991); *see also* Crim.R. 45(A).

{¶9} "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C. 2945.71]." R.C. 2945.73(B). However, certain conditions operate to "toll" the time within which an accused must be brought to trial. *State v. Dalton,* 9th Dist. Lorain No. 09CA009589, 2009-Ohio-6910, ¶ 21. "R.C. 2945.72 outlines the various statutory tolling events." *State v. Phillips*, 9th Dist. Summit No. 27661, 2016-Ohio-4687, ¶ 6. Ordinarily, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). "Yet, 'R.C. 2945.71's triple-count provision only applies if an accused is being held in jail solely on the pending charge. If the accused is also being held in jail on other charges, the triple-count provision is inapplicable.'" *Phillips* at ¶ 7, quoting *State v. Stephens,* 9th Dist. Summit No. 26516, 2013-Ohio-2223, ¶ 12. In those instances, where the accused is simultaneously being held on other charges, the 270-day time limit applies. *Id.*

{¶10} Mr. Coleman did not clarify in his merit brief when, or even if, he made a motion to the trial court, pursuant to R.C. 2945.73(B), for the offense to be discharged. *See* App.R. 16(A)(6). Per this Court's review, it appears that Mr. Coleman did not file such a motion. However, on August 20, 2018, the State filed a brief in opposition to Mr. Coleman's pro se motion to dismiss. The State's filing indicates that Mr. Coleman filed the motion in a separate case pending against Mr. Coleman in the Summit County Court of Common Pleas: Case No. CR-2017-

03-0983(B). Mr. Coleman did not file that motion in the case underlying this appeal—CR-2018-01-0287—and the motion is not in the record before this Court. Nonetheless, the State construed the motion as a challenge to speedy trial violations in the present matter and responded accordingly.

{¶11} In its response in opposition, the State explained that Mr. Coleman was arrested in the present matter on January 26, 2018, and later indicted by a grand jury on those charges. The State discussed the motions made by Mr. Coleman, including a request for new appointed counsel, a motion to sever, and multiple motions to continue. The State indicated that, on January 20, 2018, the Stow Municipal Court sentenced Mr. Coleman to serve 70 days in the Summit County Jail on a case from that court. In calculating the speedy trial time frames relevant to this case, the State concluded that there were no days were Mr. Coleman was held in jail solely on the charges of burglary: Mr. Coleman "was also being held either on the capias and bond from [CR-2017-03-0983(B)] or on the sentence from Stow Municipal Court in case number 18CRB00292." The State averred that 81 days had passed toward the 270-day speedy trial clock and, therefore, requested that Mr. Coleman's motion to dismiss be denied.

{¶12} The trial court held a hearing on the motion to dismiss on August 23, 2018. Although Mr. Coleman was represented by counsel during the hearing, counsel clarified that Mr. Coleman filed the motion to dismiss pro se and counsel had nothing to add on the issue. The now-retired trial judge presiding over the case at that time provided Mr. Coleman with an explanation of the reasons his motion to dismiss lacked merit. The trial court explained to Mr. Coleman the significance of the other case Mr. Coleman had pending, noted Mr. Coleman's nine separate motions to continue, discussed Mr. Coleman's failure to appear for a court date which resulted in the issuance of an arrest warrant, and reminded Mr. Coleman that he was warned of the significant

delay that would occur if the trial court granted his prior request for new appointed counsel. The trial court also noted that, during the pendency of the present case, Mr. Coleman had served time on a different case from the Stow Municipal Court. The trial court then concluded its remarks with the following statement:

> So, Mr. Coleman, I can't remember the last time I had a case with a motion to dismiss on speedy trial grounds that has less merit than yours. Yours has no merit. We're not even close to the speedy trial law expiring. And for all those reasons, I'm going to deny your motion.

{¶13} Thereafter, Mr. Coleman expressed his disagreement with the State's position and the trial court's ruling. Mr. Coleman again requested that appointed counsel be removed and new counsel appointed. Following the hearing, trial court issued an order purporting to overrule Mr. Coleman's pro se motion to dismiss, granting Mr. Coleman's request to appoint new counsel, and setting the matter for a status conference on August 29, 2018.

{¶14} Newly appointed counsel appeared on Mr. Coleman's behalf and moved to continue the status conference to September 12, 2018. The trial court subsequently granted Mr. Coleman's motion for a continuance of the September status conference to October 3, 2018. At the October status conference, the trial court granted Mr. Coleman's request to set a suppression hearing and scheduled it for November 2, 2018. Mr. Coleman then withdrew his motion to suppress and the trial was set for January 24, 2019, with a pretrial hearing set for November 28, 2018. Per Mr. Coleman's request, the hearing date was continued to December 21, 2018. At the December 21, 2018 hearing, Mr. Coleman expressed his desire to waive his right to counsel and proceed pro se. The trial court appointed new standby counsel, granted his request, and permitted Mr. Coleman to represent himself. At Mr. Coleman's request, the trial court vacated the January 24, 2019 trial date and set the matter for a status conference on January 9, 2019. At this point, the case was transferred from the original trial judge to the newly-elected judge.

{¶15} During the January 9, 2019 status conference, Mr. Coleman informed the trial court that he no longer wished to proceed pro se. Consequently, the trial court appointed the previously appointed standby counsel to represent Mr. Coleman and, per his request, continued the status conference to January 23, 2019. Per Mr. Coleman's request, the status conference was continued to February 6, 2019. At the February 6, 2019 status conference, counsel for Mr. Coleman explained to the trial court that she had not yet filed a motion to dismiss on speedy trial grounds. However, referencing the trial court's directive to counsel and the State "to get together and informally resolve the [calculation of time]," counsel indicated that she wanted to put a motion on the record. The State noted that, as of August 20, 2018, 81 days had passed toward the speedy trial time, briefly recounted the procedural history of the case since August, and indicated that they were "within the 270 days."

{¶16} The trial court acknowledged that Mr. Coleman disagreed with the calculation but stated "[w]e're going to trial, and the calculation of time will become an appellate counsel [sic]." Mr. Coleman protested that he wanted to "get a time count from the courts[,]" because he did not "want time from the State." The State explained that if Mr. Coleman would file a motion indicating why he believes "the speedy trial time has lapsed[,]" the State would respond with an analysis and calculation of time for the court to consider. The trial court indicated that it wanted to consider the calculation of time from the State, and counsel for Mr. Coleman stated that she would submit his argument in writing.

{¶17} The status conference continued the following day, February 7, 2019. Mr. Coleman raised issues to the trial court regarding his ability to review of evidence and obtain an expert witness. At that point, counsel for Mr. Coleman explained to the trial court that she and her client had "focused exclusively on the speedy trial issue." Mr. Coleman again requested that he be

permitted to represent himself. The trial court was inclined to grant his request to proceed pro se, but then the discussion circled back to the speedy trial issues. The trial court clarified that, despite any prior insinuation that the speedy trial issue would be an issue for appeal, the trial court was willing to consider a new motion. The trial court stated, "No, I'm not prejudging anything. You need to protect the record by doing whatever it is that you think are issues in this case. If you think that this is a legitimate issue, then there needs to be a motion filed to protect you on this issue."

{¶18} Mr. Coleman informed the trial court that he wished to file a new motion on the speedy trial issue and again insisted that he be provided with a "correct time count" and inquired as to who would get the "time count" for him. Once it became apparent to Mr. Coleman that, if he chose to represent himself, he would need to come up with his own calculation of time and submit a motion, he changed his mind and informed the court that he wished for his appointed counsel to continue to represent him. The trial court set a trial date of February 28, 2019, which, per request of counsel for Mr. Coleman, was continued one final time to March 5, 2019. The record reflects that Mr. Coleman did not file the anticipated motion or brief regarding the speedy trial. The matter proceeded to trial and Mr. Coleman was convicted on both counts of burglary.

{¶19} Although Mr. Coleman's assignment of error states that both his Constitutional and statutory speedy trial rights were violated, he does not develop an argument on either point within the four paragraphs of his merit brief that constitute this assignment of error. Instead, Mr. Coleman provides a very brief synopsis of a few "essential" facts—some of which are not supported by the record—and summarily concludes that this Court must vacate Mr. Coleman's convictions because of the "[S]tate and the trial court's failure to bring him to trial within ninety days." Mr. Coleman has not articulated a clear basis for his assigned error, nor identified legal or factual disputes, nor has he developed an argument to support his contention that his constitutional or statutory rights

to a speedy trial were violated. *See* App.R. 16(A)(7). This Court will not "guess at undeveloped claims on appeal" or construct arguments to support an assignment of error. *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 31, citing *Elyria Joint Venture v. Boardwalk Fries, Inc.*, 9th Dist. Lorain No. 99CA007336, 2001 WL 10852, *3, and quoting *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8. Therefore, Mr. Coleman's assignment of error is overruled.

## III.

{¶20} Mr. Coleman's assignment of error is overruled. The judgement of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                     _____

                                     JULIE A. SCHAFER
                                     FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.