[Cite as *State v. Coleman*, 2022-Ohio-809.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110096 |
| v. | : | |
| LERON COLEMAN, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-640385-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ashley Gilkerson Elias, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Leron M. Coleman ("Coleman"), appeals from his sentence, raising the following assignment of error for review:

As amended by the Reagan Tokes Act, the Revised Code's sentences for first- and second-degree felonies violate the constitutions of the United States and the state of Ohio.

{¶ 2} After careful review of the record and relevant case law, we affirm Coleman's sentence.

## I. Procedural and Factual History

{¶ 3} In October 2020, Coleman pleaded guilty to attempted murder in violation of R.C. 2923.02 and 2903.02, a felony of the first degree, with a three-year firearm specification; felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, with a one-year firearm specification; and having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree.

{¶ 4} At sentencing, the trial court sentenced Coleman to an indefinite minimum prison term of four years on the base charge of attempted murder, to run consecutively with the accompanying three-year firearm specification. On the felonious assault offense, the trial court sentenced Coleman to an indefinite minimum prison term of three years on the base charge,[1] to run consecutively with the accompanying one-year firearm specification. Finally, the trial court sentenced Coleman to 36 months in prison on the weapons offense. The sentences were ordered to run concurrently. However, the three- and one-year firearm

---

[1] The sentencing transcript reflects the trial court sentenced Coleman to a four-year prison term on the felonious assault offense, to run consecutively with the accompanying one-year firearm specification. (Tr. 22.) The sentencing journal entry, however, states that Coleman was sentenced to three years in prison on the base charge. The sentencing journal entry must be corrected by nunc pro tunc entry to reflect the sentence imposed at the time of sentencing.

specifications attached to the attempted murder and felonious assault offenses were ordered to run consecutively.

{¶ 5} Applying R.C. 2929.144(B)(3), the court determined that the indefinite minimum prison term of four years on the attempted murder court carried a maximum prison term of six years. The court further noted that the firearm specifications were "to be served prior and consecutive to a minimum prison term of 4 years and a maximum prison term of 6 years.[]" Accordingly, Coleman was sentenced to an aggregate prison term of eight to ten years.[2]

{¶ 6} Coleman now appeals the constitutionality of his sentence.

## II. Law and Analysis

{¶ 7} In his sole assignment of error, Coleman argues the trial court erred in sentencing him under the Reagan Tokes Law, which became effective March 22, 2019. He contends the Reagan Tokes Law is unconstitutional because it violates his constitutional rights to trial by a jury, separation of powers, and due process.

{¶ 8} In accordance with this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the constitutional challenges presented in this appeal are overruled. Accordingly, Coleman's sole assignment of error is overruled.

---

[2] Neither party has raised any issues as to the imposed sentence and, therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

**{¶ 9}** Judgment affirmed. However, the matter is remanded for the trial court to issue a nunc pro tunc entry to reflect the four-year sentence imposed on the felonious assault offense at the time of sentencing.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for correction and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.