[Cite as *State v. Coleman*, 2022-Ohio-3807.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.    30060 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLES COLEMAN | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.    2019-10-3680 |

DECISION AND JOURNAL ENTRY

Dated: October 26, 2022

TEODOSIO, Presiding Judge.

{¶1}    Appellant, the State of Ohio, appeals from the judgment of the Summit County Court of Common Pleas, granting Appellee, Charles Coleman's, motion to dismiss on speedy trial grounds.  This Court reverses.

I.

{¶2}    Mr. Coleman was arrested on October 20, 2019, and charged with improperly handling firearms in a motor vehicle.  He posted bond the following day and was released from jail.  On November 12, 2019, however, the trial court revoked Mr. Coleman's bond as a result of his having been arrested on new and unrelated felony charges.  Thereafter, Mr. Coleman remained incarcerated because he was unable to make bond in his new case (hereinafter, "the November case").  Given that Mr. Coleman was incarcerated and awaiting trial in the November case, the trial court never reinstated his bond in this case.  It is undisputed that the trial court consolidated this case and the November case for purposes of any pretrial hearings and trial.

**{¶3}** Throughout November and December 2019, the trial court ordered several continuances at the request of defense counsel. The trial was scheduled to begin on April 6, 2020, but various events, including the onset of the global pandemic, prevented the trial from going forward. Numerous continuances ensued with the attorneys and the trial court convening multiple times through telephone and video conferences. Finally, the trial court set the matter for trial on July 12, 2021. The trial court judge notified the parties that she would be absent that day and a visiting judge would be presiding over the trial.

**{¶4}** On the morning of his scheduled trial, Mr. Coleman filed a motion to dismiss his indictment on speedy trial grounds. The State responded in opposition to his motion to dismiss, and a hearing was held before the visiting judge. The visiting judge determined that Mr. Coleman had a right to bond in this case and, because his bond was never reinstated, each day he spent in jail was subject to Ohio's statutory triple-count provision. The visiting judge determined that Mr. Coleman's speedy trial time expired on March 7, 2020. Thus, she granted his motion to dismiss.[1]

**{¶5}** The State now appeals from the trial court's judgment of dismissal in favor of Mr. Coleman and raises one assignment of error for this Court's review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DISMISSED APPELLEE COLEMAN'S INDICTMENT ON SPEEDY TRIAL GROUNDS.

---

[1] The trial court denied Mr. Coleman's motion to dismiss the November case. That dismissal has been challenged in an appeal filed by Mr. Coleman. *See State v. Coleman*, 9th Dist. Summit No. 30133, 2022-Ohio-____. This Court declined to consolidate this appeal and Mr. Coleman's appeal in the November case. However, the two decisions are being released simultaneously as the speedy trial issues presented in the appeals are interrelated.

**{¶6}** In its sole assignment of error, the State argues that the trial court erred when it dismissed Mr. Coleman's indictment on speedy trial grounds. The State contends that the trial court made clearly erroneous factual findings and erred in its legal conclusions. For the following reasons, this Court sustains the State's assignment of error.

**{¶7}** "When a trial court denies a motion to dismiss on speedy trial grounds, this Court reviews questions of law de novo, but considers whether the trial court's factual determinations are clearly erroneous." *State v. Burroughs*, 9th Dist. Lorain No. 14CA010595, 2016-Ohio-1139, ¶ 4. "The Supreme Court of Ohio has found that the statutory speedy trial provisions set forth in R.C. 2945.71 are coextensive with Ohio and federal constitutional speedy trial provisions." *State v. Gaines*, 9th Dist. Lorain No. 00CA008298, 2004-Ohio-3407, ¶ 9.

**{¶8}** A defendant charged with a felony must be brought to trial within 270 days of his arrest. R.C. 2945.71(C)(2). "When a defendant is incarcerated without bail on the pending charge, each day is counted as three days." *State v. Brown*, 9th Dist. Lorain No. 20CA011618, 2021-Ohio-2540, ¶ 9, citing R.C. 2945.71(E). "This 'triple-count' provision, however, only applies when the defendant is being held solely on the charge at issue." *State v. Gall*, 9th Dist. Lorain No. 18CA011445, 2019-Ohio-4907, ¶ 5. "If the accused is also being held in jail on other charges, the triple-count provision is inapplicable." *State v. Stephens*, 9th Dist. Summit No. 26516, 2013-Ohio-2223, ¶ 12. *Accord State v. MacDonald*, 48 Ohio St.2d 66, 71 (1976).

**{¶9}** Mr. Coleman was arrested on October 20, 2019, so his speedy trial time began to run on October 21, 2019. *See State v. Browand*, 9th Dist. Lorain No. 06CA009053, 2007-Ohio-4342, ¶ 12. He posted bond that same day and was released from jail. On November 12, 2019, the trial court revoked his bond because he had been arrested in conjunction with the November case. Thereafter, Mr. Coleman remained incarcerated.

{¶10} The visiting judge determined that 22 days of speedy trial time elapsed between Mr. Coleman's arrest and his bond revocation in this case. From that point forward, the visiting judge triple-counted each day Mr. Coleman spent in jail for purposes of calculating his speedy trial time. The visiting judge reasoned that Mr. Coleman was entitled to bond and, because his bond was never reinstated, he was being "held in jail in lieu of bail * * *." R.C. 2945.71(E). Although the visiting judge acknowledged that Mr. Coleman also was being held in connection with the November case, she reasoned that the November case had no bearing on his availability for trial in this case. The visiting judge wrote:

> Defendant was not unavailable "by reason of other criminal proceedings against him". [R.C. 2945.72(A)]. Even had he made bond in [the November] case, he would still be in jail on this case because no bond had been set. Therefore that other case was not making him unavailable.

Based on her application of the triple-count provision, the visiting judge determined that Mr. Coleman's speedy trial time expired on March 7, 2020.

{¶11} Notably, R.C. 2945.72 provides for the *tolling* of an accused's speedy trial time. *State v. Phillips*, 9th Dist. Summit No. 27661, 2016-Ohio-4687, ¶ 6. Time expended in connection with a tolling event is not counted against the State, as the tolling event effectively pauses the speedy trial clock. *See, e.g., State v. Gedeon*, 9th Dist. Summit No. 29153, 2019-Ohio-3348, ¶ 13. The question of whether a tolling event has occurred is entirely distinct from the question of how days that have not been tolled will be calculated. *Compare* R.C. 2945.71 *with* R.C. 2945.72. It appears that, in analyzing Mr. Coleman's motion to dismiss, the visiting judge conflated the two concepts.

{¶12} There is no dispute that Mr. Coleman's bond was revoked on November 12, 2019, because the trial court learned that he had been arrested on new felony charges. From that point forward, Mr. Coleman was being held in jail on two separate matters: this case and the November

case. As previously noted, the triple-count provision does not apply when a defendant is also being held in jail on other charges. *See MacDonald*, 48 Ohio St.2d at 71; *Stephens*, 2013-Ohio-2223, at ¶ 12; *State v. Skorvanek*, 9th Dist. Lorain No. 08CA009399, 2009-Ohio-3924, ¶ 23. Because Mr. Coleman also was being held in jail on the November case, each day he spent in jail after November 12th counted as a single day for purposes of calculating his speedy trial time.

{¶13} The record reflects that Mr. Coleman made a request for discovery on November 18, 2019. He also moved for a bond modification several times and requested continuances on November 21, 2019, December 9, 2019, December 18, 2019, and December 20, 2019, respectively. Each of Mr. Coleman's motions and requests tolled his speedy trial time, so his time was tolled until at least January 8, 2020. *See* R.C. 2945.72(E), (H). From the day his speedy trial time began to run until the day of his discovery request, no more than 28 days elapsed.

{¶14} On January 8, 2020, the trial court, both attorneys, and Mr. Coleman signed a jury trial order setting this matter for trial on April 6, 2020. During the hearing on Mr. Coleman's motion to dismiss, the visiting judge specifically found that Mr. Coleman did not ask for the trial to be continued to April 6th and that there was "no reason given" for that continuance. That finding was clearly erroneous, however, as the January 8th order specifically provided that the trial was being set for April 6th "[a]t the Defendant's request * * *." Any period of delay necessitated by a "motion, proceeding, or action made or instituted by the accused" constitutes a tolling event. R.C. 2945.72(E). The same is true for any continuances granted upon an accused's own motion. R.C. 2945.72(H). Because the trial court selected an April trial date at Mr. Coleman's request, his speedy trial time was further tolled as a result of the court's January 8th order.

{¶15} Mr. Coleman concedes that his speedy trial time was tolled from March 9, 2020, through July 30, 2020, as a result of tolling orders issued in response to COVID-19. *See Executive*

*Order 2020-01D Declaring a State of Emergency*, https://coronavirus.ohio.gov/static/publicorders/Executive-Order-2020-01D.pdf (accessed September 2, 2022); *In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166 ("the Tolling Order"). The Tolling Order expired on July 30, 2020, so Mr. Coleman's speedy trial time resumed on July 31, 2020. On August 7, 2020, however, he requested a continuance so that his counsel might prepare for trial. The trial court granted his request and set the matter for trial on November 2, 2020. Accordingly, no more than eight days of speedy trial time elapsed from July 31st to August 7th, bringing the total number of days that had elapsed to 36 days.

{¶16} The trial court ultimately continued Mr. Coleman's trial several more times. Those continuances occurred on November 10, 2020, November 30, 2020, and February 10, 2021. The final continuance resulted in the trial being set for July 12, 2021, which is the date Mr. Coleman filed his motion to dismiss. The record reflects that the trial court met with the attorneys before each continuance, either by telephone or videoconferencing, to discuss the status of the case. Each time, the court indicated that a continuance would be required due to issues related to COVID-19 and certain standing orders of the Summit County Court of Common Pleas. For the reasons set forth in *State v. Coleman*, 9th Dist. Summit No. 30133, 2022-Ohio-____, this Court must conclude that those continuances were reasonable, and thus, constituted tolling events under R.C. 2945.72(H).

{¶17} The record does not support the conclusion that, at the time Mr. Coleman filed his motion to dismiss, 270 days or more had elapsed for purposes of calculating his speedy trial time. *See* R.C. 2945.71(C)(2). Because Mr. Coleman's speedy trial time had not yet expired, the visiting judge erred by granting his motion to dismiss. Thus, the State's assignment of error is sustained.

III.

{¶18} The State's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellant.

ANGELA M. KILLE, Attorney at Law, for Appellee.