[Cite as *State v. Roberts*, 2023-Ohio-1025.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    30143 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| AMANDA ROBERTS | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    21TRC03879 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2023

FLAGG LANZINGER, Judge.

{¶1}    Amanda Roberts appeals from the judgment of the Akron Municipal Court that denied her motion to dismiss based upon an alleged violation of her speedy-trial rights. For the following reasons, this Court affirms.

I.

{¶2}    On January 18, 2021, Ms. Roberts was charged in case number 21TR00755 ("First Case") with violations of: (1) R.C. 4511.19(A)(1)(a) (OVI); (2) R.C. 4511.19(A)(1)(f) (OVI with prohibited blood alcohol content); (3) R.C. 4549.02 (failure to stop after an accident); (4) R.C. 4511.202 (failure to control); and (5) R.C. 4511.36 (improper turn).[1] All of the charges stemmed from events that occurred on December 30, 2020. On January 20, 2021, counsel for Ms. Roberts

---

[1] As the State points out, on January 18, 2021, Ms. Roberts was also charged in case number 21CR00487 with a violation of R.C. 4301.62 (open container), but that case is not relevant this appeal.

entered an appearance and "waive[d] all statutory time requirements." On March 15, 2021, the trial court dismissed the case without prejudice.

{¶3}    On June 2, 2021, the State re-filed the same charges against Ms. Roberts in case number 21TR06879 ("Second Case"), with the exception that the State replaced the previous charge of R.C. 4511.19(A)(1)(f) (OVI with prohibited blood alcohol content) with a charge under R.C. 4511.19(A) for a prohibited "breath alcohol content[.]"[2] There is no indication that Ms. Roberts waived her speedy-trial rights in the Second Case.

{¶4}    According to the stipulated documents the parties filed with this Court under App.R. 9(E), the trial court set the matter for a suppression hearing on July 1, 2021. As the State points out in its merit brief, Ms. Roberts had yet to file a motion to suppress in the Second Case, but the trial court scheduled a suppression hearing, presumably because Ms. Roberts filed a motion to suppress in the First Case. Regardless, on June 25, 2021, the parties agreed to continue the suppression hearing until July 13, 2021. On July 12, 2021, Ms. Roberts filed her motion to suppress, which she then withdrew at the suppression hearing the following day.

{¶5}    After Ms. Roberts's trial counsel withdrew her motion to suppress at the suppression hearing, the parties discussed a proposed trial date on the record. The transcript indicates that the parties and court agreed upon a trial date in late August 2021.

{¶6}    On August 26, 2021, prior to the trial date, Ms. Roberts moved to dismiss the Second Case based upon an alleged violation of her speedy-trial rights, which the trial court summarily denied. Ms. Roberts now appeals that decision to this Court, raising one assignment of error for this Court's review.

---

[2] The Akron Municipal Court's docket reflects that Ms. Roberts was charged with an OVI under "4511.19A4" for a prohibited "breath alcohol content[.]" This appears to be a typographical error since R.C. 4511.19(A) does not contain a subsection (4).

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING MS. ROBERTS'[S] MOTION TO DISMISS FOR SPEEDY TRIAL WHEN THE STATE DISMISSED AND REFILED SIMILAR CHARGES OUTSIDE OF THE 90-DAY SPEEDY TRIAL TIMETABLE, MINUS TIME TOLLED BY THE DEFENSE.

**{¶7}** In her sole assignment of error, Ms. Roberts argues that the trial court erred when it denied her motion to dismiss. For the following reasons, this Court disagrees.

**{¶8}** As an initial matter, this Court notes that Ms. Roberts has based her assignment of error solely on her statutory right to a speedy trial, and this Court will limit its analysis accordingly. *See State v. Detamore*, 9th Dist. Wayne No. 15AP0026, 2016-Ohio-4682, ¶ 6 (declining to address the defendant's constitutional right to a speedy trial when the defendant did not develop a constitutional argument on appeal).

**{¶9}** A trial court's determination of speedy trial issues presents a mixed question of law and fact. *State v. Fields*, 9th Dist. Wayne No. 12CA0045, 2013-Ohio-4970, ¶ 8. "When reviewing an appellant's claim that [s]he was denied h[er] right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact." *Id.*, quoting *State v. Downing*, 9th Dist. Summit No. 22012, 2004-Ohio-5952, ¶ 36.

**{¶10}** "The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the State of Ohio." *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980). Ohio's statutory speedy trial provisions, R.C. 2945.71 et seq., "constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor * * *." *Pachay* at syllabus. Thus, "for purposes of bringing an accused to trial, the statutory speedy trial provisions of R.C. 2945.71 et seq. and the constitutional guarantees found

in the United States and Ohio Constitutions are coextensive." *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).

{¶11}   R.C. 4511.19(G)(1)(a) provides that a violation of R.C. 4511.19(A), under which Ms. Roberts was charged, is a first-degree misdemeanor. Under the speedy-trial statute, a person charged with a first-degree misdemeanor must be brought to trial within 90 days after the person's arrest or the service of summons. R.C. 2945.71(B)(2); *see* R.C. 2945.71(D) (providing that a person, like Ms. Roberts, charged with offenses of different degrees that arose out of the same act or transaction shall be tried within the time period required for the highest degree of offense charged). Certain conditions, however, operate to "toll" the time within which an accused must be brought to trial. *State v. Dalton*, 9th Dist. Lorain No. 09CA009589, 2009-Ohio-6910, ¶ 21. R.C. 2945.72 outlines the various statutory tolling events, including periods of delay necessitated by a motion "made or instituted by the accused[.]" R.C. 2945.72(E).

{¶12}   Here, Ms. Roberts's trial counsel "waive[d] all statutory time requirements" in the First Case. That waiver did not mention a specific time period and, therefore, was unlimited in duration. *State v. Bray*, 9th Dist. Lorain No. 03CA008241, 2004-Ohio-1067, ¶ 8, quoting *State v. Kovacek*, 9th Dist. Lorain No. 00CA007713, 2001 WL 577664, *4 (May 30, 2001) ("[A] waiver that expressly waives the accused's right to a speedy trial under the statute without mentioning a specific time period is unlimited in duration."). Additionally, because the waiver did not include a specific date as the starting point for the tolling of time, "the waiver is deemed to be effective from the date of arrest." *State v. Buck*, 9th Dist. Summit No. 27597, 2017-Ohio-273, ¶ 11, quoting *State v. Matland*, 7th Dist. Mahoning No. 09-MA-115, 2010-Ohio-6585, ¶ 47. As a result, the waiver from the First Case was effective from the date of the arrest and continued through the date of the dismissal (i.e., March 15, 2021). The speedy-trial clock did not begin to run again until the State

re-filed its charges against Ms. Roberts. *See State v. Davis*, 9th Dist. Lorain No. 08CA009412, 2008-Ohio-6741, ¶ 12 ("When charges are dismissed, the time between the dismissal and a subsequent indictment on the same conduct does not count toward the speedy trial deadline."); *State v. Broughton*, 62 Ohio St.3d 253, 259-60 (1991).

{¶13}  As previously noted, the State re-filed its charges against Ms. Roberts on June 2, 2021. The earliest the speedy-trial clock could have started in the Second Case was on June 3, 2021 (i.e., the day after the service of summons), and the earliest it could have expired—absent any tolling events—was August 31, 2021 (i.e., 90 days later). *See* R.C. 2945.71(B)(2); *Akron v. Cody*, 9th Dist. Summit No. 19986, 2000 WL 1257807, *1 (Sept. 6, 2000) ("[S]peedy trial time begins to run the day after the date of arrest or service of summons.").

{¶14}  On August 26, 2021, Ms. Roberts filed her motion to dismiss based upon an alleged violation of her speedy-trial rights. By that point, however, less than 90 days had elapsed. Thus, regardless of any tolling events that occurred between June 3, 2021 and August 26, 2021, which would further undermine Ms. Roberts's argument, the trial court did not err by denying Ms. Roberts's motion to dismiss because 90 days had not elapsed by the time she filed her motion. *See State v. Howard*, 7th Dist. Belmont No. 08 BE 6, 2009-Ohio-3251, ¶ 21 (holding that the trial court did not err by denying the defendant's motion to dismiss on speedy-trial grounds because, at the time the defendant filed his motion to dismiss, less than 90 days had passed); *State v. Squillace*, 10th Dist. Franklin No. 15AP-958, 2016-Ohio-1038, ¶ 21 (same); *see also State v. Coleman*, 9th Dist. Summit No. 30060, 2022-Ohio-3807, ¶ 17 (reversing the trial court's judgment that granted the defendant's motion to dismiss on speedy-trial grounds when, at the time the defendant filed his motion to dismiss, the speedy-trial time had not expired).

**{¶15}** Even considering the events that occurred after Ms. Roberts filed her motion to dismiss, Ms. Roberts has not established a violation of her speedy-trial rights. Ms. Roberts's motion to dismiss (filed August 26, 2021) tolled the speedy-trial clock. *See* R.C. 2945.72(E); *State v. Szorady*, 9th Dist. Lorain No. 02CA008159, 2003-Ohio-2716, ¶ 14 (acknowledging that a defendant's motion to dismiss based upon an alleged speedy-trial violation tolls the speedy-trial clock). While the trial court's denial of Ms. Roberts's motion to dismiss does not contain a time-and-date stamp, according to Ms. Roberts's merit brief, the trial court denied her motion to dismiss on August 31, 2021. The speedy-trial clock, therefore, remained tolled until that time. *Id.*

**{¶16}** The following day, on September 1, 2021, Ms. Roberts moved the trial court to reconsider its decision denying her motion to dismiss, which again tolled the speedy-trial clock. S*ee* R.C. 2945.72(E); *State v. Lewis*, 2d Dist. Montgomery No. 28962, 2021-Ohio-1895, ¶ 62 ("If a motion to dismiss tolls the [speedy-trial] statute, logic dictates that a motion to reconsider a decision on dismissal would also have a tolling effect."). That motion remained pending until September 8, 2021, when Ms. Roberts pleaded no contest, the trial court entered a judgment of conviction, and any pending motions not ruled upon were deemed denied. *See State ex rel. Pedraza v. Kimbler*, 9th Dist. Medina No. 20CA0055-M, 2021-Ohio-993, ¶ 6, quoting *State ex rel. Nash v. Fuerst*, 8th Dist. Cuyahoga No. 99027, 2013-Ohio-592, ¶ 8 ("To the extent that there were motions that the trial judge did not explicitly resolve, they are deemed denied."). Thus, even considering the events that occurred after Ms. Roberts filed her motion to dismiss, she has not established a violation of her statutory speedy-trial rights.

**{¶17}** In light of the foregoing, Ms. Roberts's assignment of error is overruled.

III.

{¶18} Ms. Roberts's assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JONATHAN T. SINN, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and KIRSTEN L. SMITH, Assistant Director of Law, for Appellee.