[Cite as *State v. Samuels*, 2012-Ohio-5401.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

CHARLES J. SAMUELS

    Appellant

C.A. Nos.    25982
                  25983
                  25984

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 10 04 1082(C)
                  CR 10 11 3050(B)
                  CR 11 02 0413(A)

DECISION AND JOURNAL ENTRY

Dated: November 21, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Charles Samuels, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} Samuels was indicted in three different cases, all three of which were consolidated for trial. The first case arose from an incident that took place on August 27, 2010. On that day, the police searched Samuels' brother's apartment as the result of a tip that there was a methamphetamine lab inside. The search of the apartment uncovered an active lab, complete with all the items necessary to manufacture methamphetamine. The police found Samuels asleep on a bed in the apartment amidst several bottles of actively cooking methamphetamine. The police then searched Samuels and found coffee filters that later tested positive for methamphetamine. They also searched Samuels' car, which had been parked outside the

apartment. The search of the car uncovered several blister packs of pseudoephedrine, a primary component in the production of methamphetamine. As a result of the August incident, the jury found Samuels guilty of illegal manufacturing of drugs, illegal assembly or possession of chemicals for the manufacturing of drugs, illegal use or possession of drug paraphernalia, and aggravated possession of drugs.

{¶3}    Samuels' second case arose from an incident that took place on October 23, 2010. On that day, the police responded to a Kmart in Tallmadge after one of the store's loss prevention specialists reported having seen a suspicious looking individual purchasing methamphetamine-related items; specifically, Coleman fluid. Several officers waited in the parking lot and observed Samuels leave the store, get into his car, and remain in the car for approximately ten minutes. Another man with a container of Coleman fluid protruding from his pants pocket then ran from Kmart and jumped into Samuels' car. The police stopped the car and searched it. The search uncovered several canisters of Coleman fluid, a grinder containing trace amounts of pseudoephedrine, used coffee filters, small Ziploc bags containing trace amounts of methamphetamine, burnt foil, and several other items related to the production of methamphetamine. As a result of the October incident, the jury found Samuels guilty of illegal assembly or possession of chemicals for the manufacturing of drugs, aggravated possession of drugs, and possession of criminal tools.

{¶4}    Finally, Samuels' third case arose from an incident that took place on February 10, 2011. On that day, the police responded to a home in Springfield Township after they received a call from child welfare. Upon their search of the house, the police discovered paraphernalia used to smoke methamphetamine in plain view and Samuels asleep on one of the couches. The police searched Samuels and found a vial in his pants that later tested positive for

trace amounts of methamphetamine. As a result of the February incident, the jury found Samuels guilty of aggravated possession of drugs.

{¶5} The trial court sentenced Samuels to six years in prison on the charge of illegal manufacturing of drugs and imposed concurrent sentences on each of the remaining counts. Samuels appealed from all three of his criminal cases, and this Court consolidated the three cases on appeal.

{¶6} Samuels' appeal is now before this Court and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT CONSOLIDATED THE TRIALS IN THIS CASE.

{¶7} In his first assignment of error, Samuels argues that the trial court committed plain error when it consolidated his three cases for trial. We disagree.

{¶8} "It is well-settled that the law favors joinder." *State v. Merriweather*, 9th Dist. No. 97CA006693, 1998 WL 239773, *3 (May 6, 1998). A trial court "may order two or more indictments * * * to be tried together, if the offenses * * * could have been joined in a single indictment * * *." Crim.R. 13(A). "If similar offenses are properly joined * * *, a defendant can still move to sever the charges pursuant to Crim.R. 14 if their consolidation will prejudice his or her rights." *State v. Schaim*, 65 Ohio St.3d 51, 58 (1992). "[A] Crim.R. 14 analysis examines any prejudice resulting from the joinder in light of the evidence introduced at trial." *State v. Abraham*, 9th Dist. No. 26258, 2012-Ohio-4248, ¶ 7. To preserve an argument under Crim.R. 14, a defendant must move to sever counts and must renew the motion to sever "either at the

close of the State's case or at the conclusion of all of the evidence." *State v. Miller*, 9th Dist. Nos. 10CA009922 & 10CA009915, 2012-Ohio-1263, ¶ 17.

{¶9}    Samuels concedes that a plain error standard applies, as he never objected to the joinder of his three cases.  *See id.* at ¶ 18.  Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.  "A defendant claiming error * * * under Crim.R. 14 has the burden of affirmatively showing that his rights were prejudiced * * *." *State v. Patel*, 9th Dist. No. 24024, 2008-Ohio-4692, ¶ 52, quoting *State v. Torres*, 66 Ohio St.2d 340 (1981), syllabus.  "Only an actual injustice, and not merely a risk of injustice, is sufficient." *State v. Groce Hopson*, 9th Dist. No. 03CA008377, 2004-Ohio-2949, ¶ 13.

{¶10}    "When a defendant claims that he was prejudiced by the joinder of multiple offenses, a court must determine (1) whether evidence of the other crimes would be admissible even if the counts were severed, and (2) if not, whether the evidence of each crime is simple and distinct." *Schaim* at 59.  Thus,

> [a] prosecutor can use two methods to negate such claims of prejudice.  Under the first method, the "other acts" test, the [S]tate argues that it could have introduced evidence of the [] crimes under the "other acts" portion of Evid.R. 404(B), [even] if the * * * offenses had been severed for trial.  Under the second method, the "joinder" test, the [S]tate is not required to meet the stricter "other acts" admissibility test, but is merely required to show that evidence of each crime joined at trial is simple and direct.  Thus, when simple and direct evidence exists, an accused is not prejudiced by joinder regardless of the nonadmissibility of evidence of these crimes as "other acts" under Evid.R. 404(B).

(Citations omitted.)  *State v. Lott*, 51 Ohio St.3d 160, 163 (1990).  *Accord State v. Shipley*, 9th Dist. No. 03CA008275, 2004-Ohio-434, ¶ 75.  "[T]he jury is capable of segregating the proof of

multiple charges when * * * the evidence of each crime is uncomplicated." *State v. Hamblin*, 37 Ohio St.3d 153, 159 (1988).

{¶11} Samuels first argues that the trial court improperly joined his cases under Crim.R. 8(A). *See* Crim.R. 13(A) (providing that separate indictments may be joined for trial so long as the offenses at issue could have been joined in a single indictment under Crim.R. 8). Crim.R. 8(A) allows for joinder when offenses "are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." The record supports the joinder of Samuels' cases. All of Samuels' cases involved the use or production of methamphetamine and/or its chemical components. The indictments in each case largely involved "the same charges, the same chemicals, and * * * the same crime." *State v. Morgan*, 9th Dist. No. 22848, 2006-Ohio-3921, ¶ 13. Samuels has not shown that the trial court committed plain error by joining his indictments for trial under Crim.R. 8(A). Further, even if charges are improperly joined for trial, a court's decision to join charges will not be reversed absent a showing that prejudice resulted. *State v. Jones*, 9th Dist. No. 98CA007057, 2000 WL 46114, *5 (Jan. 12, 2000). As such, this Court must conduct an analysis under Crim.R. 14 to determine whether the joinder of Samuels' cases for trial prejudiced him.

{¶12} Samuels argues that he was prejudiced by the court's joinder of his cases for trial because (1) the evidence from each case would not have been admissible at separate trials on each of his indictments had the cases been severed for trial, and (2) the joinder of the cases permitted the jury to combine inferences and receive cumulative evidence tending to show his guilt. Because it is dispositive of the appeal, we begin with the issue of whether the evidence of each of Samuels' crimes was "simple and distinct." *Schaim*, 65 Ohio St.3d at 59.

**{¶13}** Each of Samuels' cases involved different dates, different locations, and different witnesses with the exception of Samuels, who testified in his own defense. Although all three cases involved methamphetamine or some component of its production, "the evidence of each crime [was] uncomplicated." *Hamblin*, 37 Ohio St.3d at 159. There was no danger that the jury would conflate the cases or confuse the evidence related to each case. *Compare Schaim* at 62. The fact that the jury heard cumulative evidence against Samuels does not by itself demonstrate prejudice, as that fact is true in every trial where indictments or defendants are jointly tried. *See State v. Calhoun*, 9th Dist. No. 90CA004763, 1990 WL 129232, *3 (Aug. 29, 1990). Moreover, the trial court specifically instructed the jurors that they were to consider each charge separately. The court instructed:

> The charges set forth in each count constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately and you must state your finding as to each count uninfluenced by your verdict as to any other count. The Defendant may be found guilty or not guilty of any one or all of the offenses charged.

"It is well settled that juries are presumed to follow the trial court's instructions." *State v. Witcher*, 9th Dist. No. 26111, 2012-Ohio-4141, ¶ 33.

**{¶14}** Samuels has not shown that the trial court committed plain error by joining his cases for trial. The evidence of each crime was uncomplicated, and the record supports the conclusion that "the jury [was] capable of segregating the proof required for each charge * * *." *Calhoun* at *3. *See also Hamblin* at 159. Samuels' primary complaint is that having all three of his cases tried at once made his defense (i.e., that he was addicted to methamphetamine, but not involved in its production) less plausible. While a joint trial may have detracted from the believability of Samuels' defense, the joinder was permissible so long as the evidence of each case was simple and distinct. *Schaim*, 65 Ohio St.3d at 59. Because the record supports the

conclusion that the evidence was simple and distinct, the trial court did not commit plain error by joining the three cases for trial. Samuels' first assignment of error is overruled.

Assignment of Error Number Two

TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL
BY FAILING TO MOVE TO SEVER THE CHARGES IN THIS CASE.

{¶15} In his second assignment of error, Samuels argues that his trial counsel was ineffective for failing to move to sever his three criminal cases for trial. We determined in Samuels' first assignment of error that he was not prejudiced as a result of the joinder of his three cases for trial. As such, "his ineffective assistance of counsel argument also must fail, as it is premised upon the same error." *State v. El-Jones*, 9th Dist. No. 26136, 2012-Ohio-4134, ¶ 45. Samuels' second assignment of error is overruled.

III

{¶16} Samuels' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

PETER GALYARDT, Assistant State Public Defender, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.