[Cite as *State v. Reeda*, 2025-Ohio-4652.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

MOHAMED REEDA

    Appellant

C.A. No.    31293

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2023-05-1463

DECISION AND JOURNAL ENTRY

Dated: October 8, 2025

HENSAL, Judge.

{¶1}    Mohamed Reeda appeals his convictions and sentences for rape, attempted rape, and kidnapping from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    According to M.G., after getting into Mr. Reeda's vehicle one evening, he drove her to a remote area and forced her to have sex with him. S.S. alleged that Mr. Reeda made her have sex with him in a park after she got into his vehicle. T.K. testified that Mr. Reeda drove her to a secluded parking lot and tried to force her to have sex with him, but she sprayed him with pepper spray and ran away.

{¶3}    The Grand Jury indicted Mr. Reeda on multiple counts of rape, kidnapping, and one count of attempted rape. A jury found him guilty of the rape count involving M.G., the attempted rape count involving T.K., and the kidnapping counts involving all three women. It did

not find him guilty of any offenses involving a fourth woman. After determining that consecutive sentencing was necessary, the court sentenced Mr. Reeda to a total of 20 to 24 years imprisonment. Mr. Reeda has appealed, assigning five errors.

## II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO DISCHARGE REEDA ON STATUTORY SPEEDY TRIAL GROUNDS.

{¶4} In his first assignment of error, Mr. Reeda argues that the trial court denied him the right to a speedy trial and that his case should have been dismissed on that ground. Although a defendant has both constitutional and statutory speedy trial rights, Mr. Reeda's argument focuses only on his statutory right. Under the Revised Code, a defendant who is charged with a felony must be brought to trial within 270 days, and each day that they are held in jail counts as three days. R.C. 2945.71(C)(2), (E). This time may be extended, however, for a number of reasons, which are commonly referred to as tolling events. *See* R.C. 2945.72. It is not disputed that Mr. Reeda was held in jail the entire period before trial.

{¶5} If a defendant establishes that he was not tried within the deadline imposed under Section 2945.71, "he has made a prima facie showing of a speedy trial violation." *State v. Tauwab*, 2015-Ohio-3751, ¶ 12 (9th Dist.). "If the accused makes a prima facie showing, the burden then shifts to the State to show that a tolling event has extended the time for trial." *State v. Brownlee*, 2015-Ohio-2616, ¶ 8 (9th Dist.). "When reviewing an assignment of error raising a violation of a criminal defendant's right to a speedy trial, this court reviews questions of law de novo." *State v. Bennett*, 2003-Ohio-238, ¶ 5 (9th Dist.). We must accept the factual findings of the trial court, however, "if they are supported by some competent, credible evidence." *Id*.

{¶6}   Mr. Reeda argues that the trial court reversed the burden-shifting framework and made it his burden to establish whether various tolling events occurred.  He argues that he met his initial burden, showing that 274 days elapsed between his arrest and his motion to dismiss.  He argues that he also went through the procedural record and established that 162 of the days were not subject to any tolling events.  According to Mr. Reeda, because the State failed to respond to his motion, it has forfeited any tolling arguments it may have been able to make.

{¶7}   Ordinarily, Mr. Reeda would have established a prima facie case by showing that he remained in jail for 274 days before trial on his felony charges.  In his motion to dismiss, however, Mr. Reeda conceded that not all the days counted towards the speedy trial deadline.  In particular, he acknowledged that the bond review he requested on April 18, 2023; the demand for discovery he filed on May 3, 2023; the motion for bond review that he filed on June 13, 2023; the motion in limine he filed on July 28, 2023; the motion to sever he filed on August 7, 2023; and the motion for court interpreter he filed on December 11, 2023, each constituted tolling events that stopped the clock on his speedy trial time.  Having admitted that these events stopped the timer, however, he undermined his initial assertion about the number of days that counted toward the deadline and put into question which days his speedy trial time began to run again.  The trial court reviewed and rejected some of Mr. Reeda's arguments about when the clock restarted and, therefore, concluded that he "failed to present a prima facie case for discharge based on expiration of his statutory speedy trial time." Accordingly, we conclude that the trial court did not place an improper burden on Mr. Reeda and that the State did not forfeit any arguments it could have made regarding tolling events.

{¶8}   Mr. Reeda also argues that the trial court incorrectly determined that certain time periods did not count toward the speedy trial deadline.  First, he argues that the continuance that

the trial court granted between January 5, 2024, to February 2, 2024, was unreasonable. The State asked for a continuance of the January 5, 2024, trial date because one of the prosecutors assigned to the case was on paternity leave and the other had accepted new employment outside of the prosecutors' office. Mr. Reeda argues that the prosecutor who was on paternity leave was already on such leave at the time the court set the trial date, so it was not a new or unexpected event. The other prosecutor, meanwhile, did not leave his position at the prosecutors' office until a week and a half after the trial was scheduled to begin.

{¶9} Mr. Reeda filed his motion to dismiss on speedy trial grounds on December 29, 2023. A motion to dismiss tolls the speedy trial deadline. *State v. Roberts*, 2023-Ohio-1025, ¶ 15 (9th Dist.). The trial court denied the motion on February 1, 2024. Accordingly, notwithstanding the reasons for the continuation of the January 5, 2024, trial date, the trial court correctly determined that the time period from January 5, 2024, to February 2, 2024, did not count toward Mr. Reeda's speedy trial deadline.

{¶10} Mr. Reeda further argues that the time periods between June 27, 2023, and July 28, 2023, September 29, 2023, and December 11, 2023, and December 16, 2023, to January 5, 2024, should all count toward his speedy trial time. He argues that the trial court incorrectly blamed those periods on him for discovery issues and his attorneys' scheduling issues.

{¶11} In his motion to dismiss, Mr. Reeda acknowledged that his speedy trial time stopped when he moved for discovery on May 3, 2023. He argued it restarted on June 2, 2023, without explanation. The trial court found that the time did not begin again until at least July 25, 2023, however, when Mr. Reeda's counsel stated on the record that he was fine with the amount of time it was taking for the State to respond to the discovery requests. Regarding the period between September and December 2023, the court noted that Mr. Reeda's motion in limine and motion to

sever were pending during those months. It also noted that, although the motion to sever was resolved on October 30, 2023, Mr. Reeda's motion in limine was still pending. It, therefore, rejected Mr. Reeda's argument that the speedy trial clock resumed on September 29, 2023. Regarding the period during the second half of December 2023, the court noted that the January 5, 2024, trial date was set, in part, to accommodate Mr. Reeda's counsels' schedule, and that some of Mr. Reeda's motions remained unresolved during the period, but also that the total time period of speedy trial time would not reach 90 days.

{¶12} Upon review of the record, we conclude that Mr. Reeda has not demonstrated that the trial court incorrectly determined that he did not make a prima facie showing that his statutory right to a speedy trial was violated. Mr. Reeda's first assignment of error is overruled.

ASSIGNMENT OF ERROR II.

REEDA'S TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE.

{¶13} In his second assignment of error, Mr. Reeda argues that his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, Mr. Reeda must establish (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for his counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below "an objective standard of reasonable representation . . . ." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). To

establish prejudice, he must show that there existed "a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different." *State v. Sowell*, 2016-Ohio-8025, ¶ 138.

{¶14} Mr. Reeda argues that his counsel should have objected to the State's motion to amend the indictment or at least have sought additional time to investigate the change. He notes that the indictment indicated that the charges involving M.G. occurred in October 2022. At the start of the trial, however, the State moved to amend the date to December 19, 2022. Mr. Reeda argues that, not only did his counsel fail to object to the amendment, he failed to investigate whether Mr. Reeda had an alibi for that date. Pointing to materials he submitted with a motion for new trial, Mr. Reeda argues that he was working during the modified time of the alleged offenses and that there is location evidence that M.G. was miles away from the alleged site of the attack.

{¶15} Mr. Reeda's counsel highlighted the date change in his closing argument, noting that what M.G. alleged is one of the most heinous crimes that can be committed against a person and yet M.G. had no idea when it happened. This suggests it may have been a strategic decision by counsel not to oppose the amendment of the date in the indictment. "[D]ebatable trial strategies do not constitute ineffective assistance of counsel." *State v. Maldonado*, 2002-Ohio-2205, ¶ 7.

{¶16} Mr. Reeda also argues that his trial counsel should have had a witness prepared to authenticate an exhibit he wanted to introduce. He notes that one of the women testified that Mr. Reeda pulled a knife out of the center console of his vehicle. Mr. Reeda's counsel attempted to introduce a picture of the center console of a vehicle that he alleged was the same make and model as the one Mr. Reeda owned for demonstrative purposes. He asked the court to take judicial notice that the vehicles are the same, but the court stated that it did not know enough about vehicles to take judicial notice that the picture came from an identical one.

{¶17}   The picture that Mr. Reeda wanted to show the jury is not part of the record, so we are unable to review whether he suffered any prejudice from the jury's failure to see it.  We note, however, that, after the trial court denied Mr. Reeda's motion, his counsel used a picture of the console of Mr. Reeda's actual vehicle instead, attempting to establish that what the witness said happened was not possible.

{¶18}   Mr. Reeda next argues that his counsel should have preserved his motion to sever by renewing it at the close of the State's case.  He notes that the court initially denied his motion because, based on the information before the court at that time, it appeared that the evidence of the alleged offenses would be separate and distinct.  According to Mr. Reeda, at trial, the State's strategy pivoted to impermissible character and propensity attacks and focused on the similarities between the allegations and his alleged pattern of conduct.  Mr. Reeda argues that his counsel, therefore, should have renewed his motion to sever because there is a reasonable probability that the trial court would have ordered separate trials after hearing the State's entire case.

{¶19}   "It is well-settled that the law favors joinder." *State v. Merriweather*, 1998 WL 239773, *3 (9th Dist. May 6, 1998).  A defendant claiming prejudice by the joinder of offenses, however, "may move for severance under Crim.R. 14." *Id*.  "A defendant claiming error in the denial of severance must affirmatively show that his rights were prejudiced and that the trial court abused its discretion in refusing to grant separate trials." *State v. Knuff*, 2024-Ohio-902, ¶ 46.  The fact that a jury heard cumulative evidence against the defendant "does not by itself demonstrate prejudice, as that fact is true in every trial where indictments or defendants are jointly tried." *State v. Samuels*, 2012-Ohio-5401, ¶ 13 (9th Dist.).  The state may rebut the claim of prejudice by showing that it "could introduce evidence of the joined offenses as 'other acts' under Evid.R. 404(B) . . . ." *State v. Diar*, 2008-Ohio-6266, ¶ 96.  Alternatively, it can refute prejudice by

showing that the "evidence of each crime joined at trial is simple and direct." *State v. Lott*, 51 Ohio St.3d 160, 163 (1990).

{¶20} The evidence of the different alleged offenses was simple and direct, and the allegations were distinct enough for the jury to keep the incidents separate. Notably, the jury only found Mr. Reeda guilty of one of the rape counts and completely acquitted him of the charges involving one of the alleged victims. Upon review of the record, we cannot say that there is a reasonable probability that the trial court would have ordered separate trials if Mr. Reeda's counsel had renewed his motion to sever at the conclusion of the State's case.

{¶21} Finally, we note that one of the sub-headings in Mr. Reeda's appellate brief argues that his counsel should have objected to propensity arguments the State made during its closing argument. Mr. Reeda has not developed an argument as to this issue, however, and we decline to construct one for him. *State v. Franks*, 2017-Ohio-7045, ¶ 16. Mr. Reeda's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY PROHIBITING REEDA FROM MAKING FAIR CREDIBILITY ARGUMENTS IN CLOSING.

{¶22} In his third assignment of error, Mr. Reeda argues that the trial court incorrectly prevented him from making certain credibility arguments during his closing argument. He argues that the State, meanwhile, was able to make such arguments, which had the overall effect of making his conviction much more likely.

{¶23} "Both parties are given latitude during closing arguments to address what the evidence has shown and what reasonable inferences may be drawn from that evidence." *State v. Ford*, 2019-Ohio-4539, ¶ 306.

Trial counsel may advocate and persuade to the limit of his or her ability and enthusiasm but cannot misrepresent evidence or go beyond the limits set by the trial court. Thus, counsel may freely discuss the facts, arraign the conduct of parties, impugn, excuse, justify or condemn motives according to the evidence, and attack the credibility of witnesses when the record supports the same. The court should not be severe in arresting argument on the ground that the argument or inference is illogical.

*Id*., quoting *State v. Powell*, 2008-Ohio-4171, ¶ 45 (4th Dist.). "The assessment of whether the permissible bounds of closing argument have been exceeded is, in the first instance, a discretionary function to be performed by the trial court. Such determination will not be reversed on appeal absent an abuse of discretion." *Pang v. Minch*, 53 Ohio St.3d 186 (1990), paragraph three of the syllabus. An abuse of discretion implies that a trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶24} Mr. Reeda argues that he should have been allowed to challenge the quality of the investigation conducted by a former detective who had since been demoted. He criticized the officer for not challenging the alleged victims' stories and just taking their word that the attacks happened. He followed by stating, "[b]ut I guess that's how a detective in major crimes ends up working in the property room." The State objected to that statement, and the trial court sustained the objection. Later, Mr. Reeda commented on the fact that the State had not referred to the detective or his testimony while presenting its closing argument, which he followed with: "I think we know why." The trial court also sustained an objection to that statement.

{¶25} Mr. Reeda argues that the State, on the other hand, was allowed to question the credibility of a statement he made when discussing the allegations made by T.K. with law enforcement. The State noted that, when Mr. Reeda initially recounted his interaction with T.K., he did not include the fact that she sprayed him with pepper spray and that, when the officer followed up about the spraying, Mr. Reeda laughed it off. The State opined that being pepper

sprayed by someone is a big deal that someone would remember and that it might even be something a person would want to report to the police.

{¶26} The statements to which the trial court sustained objections focused on a law enforcement officer's career path and the State's closing argument strategy. Contrary to Mr. Reeda's assertion, the court did not prevent him from arguing that the investigation into the alleged attacks was shoddy. Upon review of the record, we conclude that the trial court did not exercise its discretion improperly when it sustained the State's objections to those two statements in Mr. Reeda's closing argument. Mr. Reeda's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES.

{¶27} In his fourth assignment of error, Mr. Reeda argues that the trial court failed to make all the required findings necessary to impose consecutive sentences. Section 2929.14(C)(4) provides that the trial court may require an offender to serve prison terms consecutively if it "finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public . . . ." The court must also make one of three additional findings. R.C. 2929.14(C)(4)(a-c). The Ohio Supreme Court has held that the court must make these findings both at the sentencing hearing and incorporate them into its sentencing entry. *State v. Bonnell*, 2014-Ohio-3177, syllabus. An appellate court may vacate a sentence and remand the matter for resentencing if it "clearly and convincingly finds" that the "record does not support the sentencing court's findings under" Section 2929.14(C)(4). R.C. 2953.08(G)(2)(a).

{¶28} Mr. Reeda argues that the trial court failed to make a finding during the sentencing hearing that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public . . . ." R.C. 2929.14(C)(4). He also argues that, because the facts of this case were not that serious, this Court should order his sentences to be served concurrently instead of remanding for resentencing.

{¶29} According to the Ohio Supreme Court, "a word-for-word recitation of the language of [Section 2929.14(C)(4)] is not required, and as long as [a] reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29. At sentencing the trial court explained it was going to sentence Mr. Reeda to consecutive sentences,

> finding that it is necessary to protect the public and also punish the offender and is also justified because of the multiple victims which were involved in this case, the seriousness of the offenses and the injury, though not physical, which was caused to the victims, the significant emotional trauma that they have suffered and will continue to suffer.

Thus, the court considered the seriousness of the offenses and the amount of harm that Mr. Reeda's offenses inflicted. Although it did not specifically use the terms proportionality or danger, we conclude that its language was sufficient to meet the requirements of Section 2929.14(C)(4). Mr. Reeda's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED AND INVADED THE CONSTITUTIONAL ROLE OF THE JURY BY CLASSIFYING DEFENDANT REEDA AS A TIER III SEX OFFENDER UNDER THE ADAM WALSH ACT WITHOUT SUBMITTING THE ISSUE FOR A VERDICT.

{¶30} In his fifth assignment of error, Mr. Reeda argues that the trial court violated his right to a jury trial by classifying him as a Tier III sex offender without having the issue submitted to the jury. He argues that, under the United States Supreme Court's decision in *Ring v. Arizona*,

536 U.S. 584 (2002), any finding of fact that is necessary to increase a defendant's sentence must be found by the trier of fact. *See id*. at 609.

{¶31} Under Section 2950.01(G)(1)(a) and (i), anyone who is convicted of rape or attempted rape is a Tier III sex offender. There is no additional fact finding required besides the fact of the conviction. Accordingly, we reject Mr. Reeda's argument. His fifth assignment of error is overruled.

### III.

{¶32} Mr. Reeda's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

LOUIS E. GRUBE and KENDRA N. DAVITT, Attorneys at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.